UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC GENTRIS | CIVIL ACTION |
| VERSUS | NO. 10-2227 |
| W. TOUCHSTONE, ET AL. | SECTION: "N"(1) |

**REPORT AND RECOMMENDATION**

Plaintiff, Eric Gentris, a state prisoner, filed this *pro se* and *in forma pauperis* complaint, pursuant to 42 U.S.C. § 1983, against Sergeant W. Touchstone and Brandon Broom. Plaintiff claims that the defendants failed to protect him from violence at the hands of another inmate.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A(b)(1). Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted ...." 28 U.S.C. § 1915(e)(2)(B)(ii).

Broadly reading plaintiff's complaint,[1] the Court finds that the complaint should be dismissed for failing state a claim on which relief may be granted because it is evident from the face of the complaint that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.[2]

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (emphasis added). Exhaustion is *mandatory* in cases covered by § 1997e(a). Id. at 524.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] The Court is, of course, aware that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). Nevertheless, the United States Fifth Circuit Court of Appeals has specifically held: "Under Jones, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007); see also Hicks v. Garcia, No. 09-11045, 2010 WL 1427376 (5th Cir. Apr. 9, 2010). Therefore, this Court may dismiss this action *sua sponte* for failure to exhaust without the necessity of service of the complaint on the defendants.

Plaintiff is incarcerated at the B.B. "Sixty" Rayburn Correctional Center. That facility is a state prison operated by the Louisiana Department of Public Safety and Corrections. See, e.g., Francois v. Rigdon, Civ. Action No. 08-3485, 2009 WL 1379723, at *4 (E.D. La. May 14, 2009). In such Louisiana state prisons, a two-step administrative remedy procedure is in place. At the first step, an inmate submits his grievance to the warden, and the warden generally has forty days in which to respond. If the warden fails to respond, or if the inmate is dissatisfied with the warden's response, the inmate may proceed to the second step by requesting review of the matter by the Secretary of the Louisiana Department of Public Safety and Corrections. The Secretary generally has forty-five days in which to respond. La. Admin. Code tit. 22, pt. I, § 325; see also Dillon v. Rogers, 596 F.3d 260, 265-66 (5th Cir. 2010); Francois, 2009 WL 1379723, at *4.

From the face of plaintiff's complaint, it is evident that he has not fully complied with that grievance procedure. In his complaint, plaintiff states:

> Plaintiff Eric Gentris used the prisoner grievance procedure available at Rayburn Corr. Center to try & solve the problem. On June 24, 2010, Plaintiff Eric Gentris presented the facts relating to this complaint. On July 16, 2010, Plaintiff Eric Gentris was sent a response saying that the grievance had been denied. On July 18, [20]10, he appealed the denial of the grievance.[3]

However, on July 18, 2010, the same day he filed the administrative appeal, he signed his federal complaint. The complaint was then mailed to this Court for filing on the following day.[4]

---

[3] Rec. Doc. 1, p. 9.

[4] See Rec. Doc. 1, p. 27. A prisoner's complaint is considered "filed" in federal court when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995).

Based on the foregoing, it is evident that at the time this federal complaint was filed, plaintiff's administrative appeal was still pending, and the time had not expired for the Secretary of the Louisiana Department of Public Safety and Corrections to respond to that appeal. Accordingly, plaintiff's administrative remedies were not yet *exhausted*,[5] and the complaint was therefore filed prematurely.

The Court notes that there is no indication that the administrative procedures have been completed since filing. However, even if they have, that is not determinative. The PLRA "plainly requires that administrative remedies be exhausted *before* the filing of a § 1983 suit, rather than while the action is pending." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis in original). In Wendell, the United States Fifth Circuit Court of Appeals noted:

> Absent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies be exhausted *before* the filing of suit should be imposed. To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation.

Id. at 890-91 (emphasis in original) (citations omitted).

Plaintiff clearly was in the midst of the administrative procedure at the time this lawsuit was filed. To allow him to concurrently pursue a federal court challenge before the administrative review was complete would undermine the congressional intent of § 1997e(a). The United States Supreme Court has noted:

---

[5] "'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981). A plaintiff's administrative remedies are not exhausted unless he has pursued the matter through *conclusion* of a multi-step administrative procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted). Accordingly, the instant complaint should be dismissed based on plaintiff's failure to exhaust his administrative remedies.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.[6]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[6] If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). Plaintiff filed this lawsuit *in forma pauperis*. See Rec. Docs. 2 and 3.

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this sixth day of August, 2010.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.